BRUCE A. KILDAY, SB No. 66415
Email: bkilday@akk-law.com
CARRIE A. McFADDEN, SB No. 245199
Email: cmcfadden@akk-law.com
SEAN D. O'DOWD, SB No. 296320
Email: sodowd@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendants DAN DRUMMOND, CITY OF WEST SACRAMENTO, KENNETH FELLOWS, TOD SOCKMAN, GERRIT MARKUS, TRENT TYLER, and NATHAN STEELE

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN HUGHEY and JESSICA HUGHEY,<br><br>Plaintiffs,<br><br>vs.<br><br>DAN DRUMMOND, CITY OF WEST SACRAMENTO, CHRISTOPHER WRIGHT, KENNETH FELLOWS, TOD SOCKMAN, GERRIT MARKUS, TRENT TYLER, and NATHAN STEELE,<br>Defendants. | Case No.: 2:14-cv-00037-TLN-AC<br><br>**DEFENDANTS DAN DRUMMOND, CITY OF WEST SACRAMENTO, KENNETH FELLOWS, TOD SOCKMAN, GERRIT MARKUS, AND TRENT TYLER'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendants DAN DRUMMOND, CITY OF WEST SACRAMENTO, KENNETH FELLOWS, TOD SOCKMAN, GERRIT MARKUS, and TRENT TYLER hereby submits the following answer to Plaintiffs KEVIN HUGHEY and JESSICA HUGHEY's Third Amended Complaint and Demand for Jury Trial as follows:

1. Answering paragraph 1 in the Third Amended Complaint, Defendants admit that Plaintiffs Kevin and Jessica Hughey are individuals. Defendants lack sufficient knowledge information on which to admit or deny the remaining allegations of paragraph 1 and, due to that

lack of sufficient information or knowledge, they deny the remaining allegations in paragraph 1.

2. Answering paragraph 2 in the Third Amended Complaint, Defendants admit that Dan Drummond is a retired Chief of Police of the City of West Sacramento Police Department. Defendants admit that the City of West Sacramento Police Department Chief of Police has the duties and responsibilities of a Chief of Police under the applicable laws of the State of California. With the exception of said admissions, Defendants deny the remaining allegations in paragraph 2.

3. Answering paragraphs 3 and 4 in the Third Amended Complaint, Defendants admit that the City of West Sacramento is a public entity, that the City has a city manager and city council, and that the West Sacramento Police Department is a department or division of the City of West Sacramento. Defendants admit that the City of West Sacramento is located in the County of Yolo. With the exception of said admissions, Defendants deny the remaining allegations in paragraphs 3 and 4.

4. Answering paragraph 5 in the Third Amended Complaint, Defendants admit that Christopher Wright, Kenneth Fellows, Tod Sockman, Gerrit Markus, Trent Tyler, and Nathan Steele are individuals who, at the time of the July 9, 2012 incident, were employed as peace officers by the City of West Sacramento. With the exception of said admissions, Defendants deny the remaining allegations in paragraph 5.

5. Answering paragraph 6 in the Third Amended Complaint, Defendants deny Plaintiffs' allegation that they are unaware of the true names and capacities of DOES 1-20 as Plaintiffs have known the identities of any City of West Sacramento employees involved in the incidents described in the Third Amended Complaint for some time. Defendants deny the remaining allegations in paragraph 6.

6. Answering paragraphs 7 and 8 in the Third Amended Complaint, Defendants admit that jurisdiction and venue are proper but deny that this Court's jurisdiction is based on 42 U.S.C. section 1983. With the exception of said admissions, Defendants deny the remaining allegations in paragraphs 7 and 8.

///

7. Answering paragraph 9 in the Third Amended Complaint, Defendants admit that on the evening of July 9, 2012, a female called 911, provided the address of the emergency as 804 Platinum Lane West Sacramento, and reported that they need to hurry up because her husband keeps attacking her and he is going to do it again right now. With the exception of said admissions, Defendants lack sufficient knowledge information on which to admit or deny the remaining allegations of paragraph 9 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in paragraph 9.

8. Answering paragraph 10 in the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 10 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendants Markus and City of West Sacramento admit that Officers Markus and Wright arrived at an alleyway near Plaintiffs' residence at approximately the same time. Defendants Markus and City of West Sacramento admit that a security guard was present and contacted the officers. Defendants Markus and City of West Sacramento admit that Officer Wright then proceeded to the front of the Plaintiffs' home while Officer Markus remained in the alleyway near an open garage. With the exception of said admissions, Defendants Markus and City of West Sacramento deny the remaining allegations in paragraph 10.

9. Answering paragraphs 11, 12, and 13 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations therein and, due to that lack of sufficient information or knowledge, they deny the allegations in those paragraphs.

10. Answering paragraph 14 in the Third Amended Complaint, Defendants City of West Sacramento and Markus admit that Officer Wright yelled words to the effect of, "Get the fuck down!" and that officers yelled commands at Kevin and Jessica Hughey. Defendants Markus and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 14 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph. Defendants

Fellows, Sockman, Drummond and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 14 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

11. Answering paragraph 15 in the Third Amended Complaint, Defendants City of West Sacramento and Markus deny that when Markus approached the residence Kevin Hughey was six to seven feet inside the home. Defendants City of West Sacramento and Markus lack sufficient information and knowledge on which to admit or deny the remaining allegations in paragraph 15 and, due to that lack of sufficient information or knowledge, they deny those remaining allegations. Defendants Drummond, Sockman, Tyler and Fellows lack sufficient information and knowledge on which to admit or deny the allegations in paragraph 15 and, due to that lack of sufficient information or knowledge, they deny those allegations.

12. Answering paragraph 16 in the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 16 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendants Markus and City of West Sacramento admit that Officer Markus came around the corner and heard a shot, that Markus then looked up, and he saw a muzzle flash from what he believed was Officer Wright's firearm. Defendants Markus and City of West Sacramento admit that shortly after the shooting Markus asked Officer Wright what had happened and Officer Wright said words to the effect of that Mr. Hughey had charged at him and reached for his (Wright's) gun. With the exception of said admissions, Defendants Markus and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 16 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

13. Answering paragraph 17 in the Third Amended Complaint, Defendants Markus and City of West Sacramento deny the allegations in the last sentence of paragraph 17 pertaining to Markus. Defendants Markus, Tyler and City of West Sacramento deny that they intentionally and excessively roughed up and wrongfully treated Mr. Hughey before he was taken to the

hospital. Defendants Markus, Tyler, and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 17 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph. Defendants Drummond, Sockman, and Fellows lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 17 and, due to that lack of sufficient information or knowledge, they deny the allegations in that paragraph.

14. Answering paragraph 18 in the Third Amended Complaint, Defendants admit that a criminal investigation was initiated against Kevin Hughey. Defendants admit that Defendant Kenneth Fellows was a detective who was tasked with investigating Kevin Hughey and he interviewed Officer Wright as part of that investigation. With the exception of said admissions, Defendants lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 18 and, due to that lack of sufficient information or knowledge, deny the remaining allegations in that paragraph.

15. Answering paragraph 19 in the Third Amended Complaint, Defendants admit that Defendant Wright was appointed as an officer at the West Sacramento Police Department in January 2012 and that on July 9, 2012, he was in the probationary period of his employment. Defendants lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 19 and, due to that lack of sufficient information or knowledge, deny the remaining allegations in that paragraph.

16. Answering paragraph 20 of the Third Amended Complaint, Defendants lack sufficient knowledge information on which to admit or deny the allegation concerning Officer Wright's Facebook page and, due to that lack of sufficient information or knowledge, they deny that allegation. Defendants City of West Sacramento and Drummond deny the remaining allegations in paragraph 20. Defendants Markus, Tyler, Fellows, and Sockman lack sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 20 and therefore deny them

17. Answering paragraph 21 of the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, and Tyler lack sufficient knowledge and information on which

to admit or deny the allegations in paragraph 21 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendants Markus and City of West Sacramento admit that Officer Markus went with Jessica Hughey when she checked on her son, that Officer Markus interviewed Mrs. Hughey, that Mrs. Hughey stated she was pregnant and had contractions that day, and that Officer Markus told her she should get medical attention. Defendants Markus and City of West Sacramento lack sufficient information or knowledge of the remaining allegations concerning Mrs. Hughey's thoughts and physical condition. Defendants Markus and City of West Sacramento deny that Jessica Hughey was pressured into providing a statement and deny the remaining allegations in paragraph 21.

18. Answering paragraph 22 of the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 22 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendants Markus and City of West Sacramento deny that Officer Markus never inquired into the details of the shooting, deny that he knew that Officer Wright gave a false statement and fabricated evidence about the incident, and deny that he intentionally elected to remain silent about what he saw and heard Officer Wright do regarding the incident. Defendants Markus and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 22 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

19. Answering paragraph 23 of the Third Amended Complaint, Defendants admit that WSPD personnel interviewed Plaintiffs' neighbors after the shooting occurred. With the exception of said admission, Defendants deny the remaining allegations in paragraph 23.

20. Answering paragraph 24 of the Third Amended Complaint, Defendants admit that Kevin Hughey is an attorney. With the exception of said admission, Defendants deny the remaining allegations in paragraph 24.

21. Answering paragraph 25 of the Third Amended Complaint, Defendants admit that on July 12, 2012, the City of West Sacramento received a tort claim presented on behalf of

Plaintiff Kevin Hughey. Defendants deny the remaining allegations in paragraph 25.

22. Answering paragraph 26 in the Third Amended Complaint, Defendants respond that the allegations set forth therein are argument and/or legal conclusions to which there is no response required. To the extent any of the allegations are factual in nature, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, deny the allegations.

23. Answering paragraph 27 of the Third Amended Complaint, Defendant City of West Sacramento admits that it conducted an investigation into the shooting. Defendant City of West Sacramento lacks sufficient knowledge and information on which to admit or deny the remaining allegations, and therefore denies them. Defendants Sockman, Drummond, Fellows, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, deny the allegations.

24. Answering paragraph 28 of the Third Amended Complaint, Defendants admit that two laptops and Kevin Hughey's cell phone were seized. Defendants lack sufficient information or knowledge about the allegations concerning the Yolo County District Attorney. Defendants deny the remaining allegations in paragraph 28.

25. Answering paragraphs 29 and 30 of the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, deny the allegations in said paragraphs.

26. Answering paragraphs 31 and 71 of the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraphs 31 and 71 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendant City of West Sacramento admits that on July 10, 2012, City communicated to the media that a man had been shot after he rushed at an officer and attempted to grab the officer's handgun, that the man was transported to the hospital, and that the shooting was being investigated by the City. Defendant City of West Sacramento denies the remaining averments in paragraph 31 and 71 for lack of sufficient information and belief.

27. Answering paragraph 32 in the Third Amended Complaint, Defendants admit that Kevin Hughey is an attorney. With the exception of said admission, Defendants lack sufficient information and knowledge on which to admit or deny the remaining allegations in paragraph 32 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations.

28. Answering paragraph 33 in the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 33 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph. Defendants Markus and City of West Sacramento admit that an emergency protective order prohibiting Kevin Hughey from contacting Jessica Hughey and Noah Sweeney was delivered to Kevin Hughey who was in custody at the hospital. Defendants Markus and City of West Sacramento deny the allegation that the restraining order was delivered to try and intentionally cause Mr. Hughey harm. Defendants Markus and City of Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 33 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

29. Answering paragraph 34 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

30. Answering paragraph 35 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

31. Answering paragraph 36 in the Third Amended Complaint, Defendant City of West Sacramento admits that an officer was at the hospital and that the telephone in Kevin Hughey's hospital room was removed because he was in custody. Defendant City of West Sacramento lacks sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, it denies the remaining allegations in said paragraph. Defendants Drummond, Fellows, Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations and, due to

that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

32. Answering paragraphs 37, 38, and 39 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

33. Answering paragraph 40 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

34. Answering paragraph 41 in the Third Amended Complaint, Defendants Fellows and City of West Sacramento admit that Fellows obtained a search warrant to obtain a saliva sample from Kevin Hughey, photographs of Kevin Hughey's person, and additional clothing. Defendants Fellows and City of West Sacramento admit that Fellows contacted Kevin Hughey at the hospital on July 11, 2012 and provided him with a copy of the search warrant and that Fellows advised Kevin Hughey of his rights under *Miranda*. Defendants Fellows and City of West Sacramento admit that photographs were taken of Kevin Hughey's person and that other evidence was collected pursuant to the warrant. Defendants Fellows and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph. Defendants Sockman, Markus, Drummond, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 41 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

35. Answering paragraph 42 in the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

36. Answering paragraph 43 in the Third Amended Complaint, Defendants Fellows and City of West Sacramento admit that Fellows arrived at Jessica Hughey's parent's house at approximately 9 a.m. on July 12, 2012 so that Fellows could speak with Jessica about her

allegations that Kevin Hughey committed domestic violence against her. Defendants Fellows and City of West Sacramento admit that Fellows spoke with Scott Desy, Jessica's father. Defendants Fellows and City of West Sacramento admit that Mr. Desy informed Fellows that Jessica Hughey did not want to speak with Fellows. Defendants Fellows and City of West Sacramento deny that paragraph 43 accurately describes the conversations between Fellows and Desy and between Desy and Jessica Hughey. Defendants Fellows and City of West Sacramento lack sufficient information or knowledge to either admit or deny the allegations pertaining to Jessica Hughey's physical condition and the allegation regarding Kevin Hughey, and therefore deny said allegations. Defendants Fellows and City of West Sacramento deny the remaining allegations in paragraph 43. Defendants Sockman, Markus, Drummond, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 43 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

37. Answering paragraph 44 of the Third Amended Complaint, Defendant City of West Sacramento admits that when Mr. Hughey was released from custody an officer was no longer posted at the hospital. Defendant City of West Sacramento lacks sufficient information and knowledge regarding the remaining allegations in paragraph 44 and therefore denies said allegations. Defendants Sockman, Fellows, Markus, Drummond, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 44 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

38. Answering paragraph 45 of the Third Amended Complaint, Defendants lack sufficient information and knowledge as to the allegations in said paragraph and therefore deny said allegations.

39. Answering paragraph 46 of the Third Amended Complaint, Defendants lack sufficient information and knowledge as to the birth of the Plaintiffs' child and Jessica Hughey's emotional state. Defendants deny the allegation that WSPD engaged in "wrongful acts and omissions". Defendants deny the remaining allegations in paragraph 46.

40. Answering paragraph 47 of the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that

lack of sufficient information or knowledge, they deny the allegations in said paragraph.

41. Answering paragraph 50 of the Third Amended Complaint, Defendants City of West Sacramento, Fellows, and Drummond deny each and every, all and singular, generally and specifically, of said allegations contained therein. Defendants Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

42. Answering paragraph 51 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that Fellows called Jessica Hughey as part of his investigation into her allegations of potential criminal conduct by Kevin Hughey. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraph 51. Defendants Sockman, Drummond, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 51 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

43. Answering paragraphs 52 and 53 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that Fellows was contacted by telephone by an attorney who declared that he is representing Jessica Hughey. Defendants City of West Sacramento and Fellows admit that Fellows told the attorney that child pornography was found on a computer that was seized from the Plaintiffs' residence. Defendants City of West Sacramento and Fellows lack sufficient information and knowledge to either admit or deny the allegations regarding Mrs. Hughey's phone call with her mother and her decision to hire an attorney. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraphs 52 and 53. Defendants Sockman, Drummond, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraphs 52 and 53 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

44. Answering paragraph 54 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that Fellows communicated with Jessica Hughey's ex-husband as part of his investigation into allegations of Kevin Hughey's behavior toward Jessica

Hughey and her son, Noah Sweeney. Defendants City of West Sacramento and Fellows lack sufficient knowledge or information to either admit or deny the allegations concerning the custody arrangement of Noah Sweeney. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraph 54. Defendants Sockman, Drummond, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 54 and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

45. Answering paragraph 55 of the Third Amended Complaint, Defendants Markus and City of West Sacramento admit that Jessica Hughey stated on July 9, 2012, words to the effect of that she was concerned about custody issues and that preserving custody of her son was important to her. Defendants Markus and City of West Sacramento lack sufficient information and knowledge to either admit or deny the remaining allegations in paragraph 55 and therefore deny them. Defendants Drummond, Sockman, Fellows, and Tyler lack sufficient information and knowledge to either admit or deny the allegations in paragraph 55 and therefore deny them.

46. Answering paragraph 56 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that after the shooting had occurred Fellows was invited to Jessica Hughey's parents' house in the Placerville area. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraph 56. Defendants Drummond, Sockman, Markus and Tyler lack sufficient information and knowledge to either admit or deny the allegations in paragraph 55 and therefore deny them.

47. Answering paragraph 57 of the Third Amended Complaint, Defendants admit that the Yolo County District Attorney's Office filed criminal charges against Plaintiff Kevin Hughey, which included felony charges. With the exception of said admission, Defendants deny the remaining allegations of paragraph 57.

48. Answering paragraph 58 of the Third Amended Complaint, Defendants Markus and City of West Sacramento admit that Officer Markus did not testify during the preliminary hearing in Kevin Hughey's criminal case arising from events that occurred on or about July 9, 2012. Defendants City of West Sacramento and Markus deny the remaining allegations in

paragraph 58. Defendants Fellows, Drummond, Sockman, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 58 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

49. Answering paragraph 59 of the Third Amended Complaint, Defendants admit that Officer Wright did not testify during the preliminary hearing in Kevin Hughey's criminal case arising from events that occurred on or about July 9, 2012. Defendants admit that Detective Fellows testified during that preliminary hearing. Defendants Fellows and City of West Sacramento deny that Fellows testified about Officer Wright's statements knowing that Wright's statements were false. Defendants Fellows and City of West Sacramento lack sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph. Defendants Markus, Tyler, Sockman, and Drummond lack sufficient knowledge and information to either admit or deny the remaining allegations.

50. Answering paragraph 60 of the Third Amended Complaint, Defendants admit that Trent Tyler testified during the preliminary hearing in Kevin Hughey's criminal case arising from events that occurred on or about July 9, 2012. With the exception of said admission, Defendants Tyler and City of West Sacramento deny the remaining allegations in paragraph 60. Defendants Drummond, Markus, Fellows, and Sockman lack sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

51. Answering paragraphs 61, 62 and 63 of the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraphs.

52. Answering paragraph 64 of the Third Amended Complaint, Defendant City of West Sacramento denies the allegations therein contained. Defendants Drummond, Tyler, Markus, Fellows and Sockman lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the

allegations.

53. Answering paragraph 65 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond admit that after conducting an administrative investigation it determined that Wright violated a general order regarding use of force. Defendants City of West Sacramento and Drummond lack sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph. Defendants Tyler, Sockman, Markus and Fellows lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraphs.

54. Answering paragraphs 66 and 67 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond deny all of the allegations therein contained. Defendants Sockman, Tyler, Markus and Fellows lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraphs.

55. Answering paragraph 68 of the Third Amended Complaint, Defendant City of West Sacramento admits that Defendant Steele and Lieutenant David Delaini were involved in investigating Officer Wright's use of force on July 9, 2012. Defendant City of West Sacramento denies the remaining allegations concerning its investigation. Defendant City of West Sacramento lacks sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, it denies the remaining allegations in said paragraph. Defendants Sockman, Drummond, Tyler, Markus and Fellows lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

56. Answering paragraph 69 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond admit that Officer Wright was released from probation on April 17, 2013. Defendants City of West Sacramento and Drummond lack sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of

sufficient information or knowledge, it denies the remaining allegations in said paragraph. Defendants Markus, Tyler, Sockman, and Fellows lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 69 and, due to that lack of sufficient information or knowledge, it denies the remaining allegations in said paragraph.

57. Answering paragraph 70 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond admit that the City's investigation into Officer Wright's use of force on July 9, 2012, remained open after April 17, 2013. Defendants City of West Sacramento and Drummond deny the remaining allegations in paragraph 70. Defendants Markus, Tyler, Sockman, and Fellows lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 70 and, due to that lack of sufficient information or knowledge, they deny the remaining allegations in said paragraph.

58. Answering paragraphs 72, 73, 74 and 75, Defendants Drummond, Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraphs and, due to that lack of sufficient information or knowledge, it denies the allegations. Defendant City of West Sacramento admits that it received a Public Records Act request on or about December 20, 2012 seeking the date the investigation began, the date it concluded, and the final determination of the investigation. Defendant City of West Sacramento admits that it responded to the Public Records Act Request by stating that no documents existed responsive to the requests. Defendant City of West Sacramento admits that its attorney responded in a letter dated April 4, 2013, by providing the date the investigation began, that the investigation was ongoing, and that results of the investigation are confidential and exempt from disclosure. Defendant City of West Sacramento admits that a writ of mandate was filed seeking the results of the investigation. Defendant City of West Sacramento denies the remaining allegations in these paragraphs and denies that the allegations in these paragraphs are relevant to any pled cause of action.

59. Answering paragraphs 76, 77, and 78 of the Third Amended Complaint, Defendant City of West Sacramento admits that it received a Public Records Act Request from Christopher Moenig requesting all documents relating to governmental civil claims alleging

tortious or improper conduct against Fellows. Defendant City of West Sacramento admits that it responded to the request in a writing dated March 6, 2013, stating that there have been no publicly filed government civil claims filed with the City relating to tortious or improper conduct against Fellows aside from claims filed by Plaintiff Kevin Hughey's law firm. Defendant City of West Sacramento admits that in a letter dated May 31, 2013, City informed Mr. Moenig that documents responsive to the request were found and provided them to Mr. Moenig. Defendant City lacks sufficient knowledge and information to respond to the allegation regarding the writ petition and City and Fellows deny the allegation that Fellows was involved in two prior incidents of excessive force. Defendants Drummond, Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraphs and, due to that lack of sufficient information or knowledge, they deny the allegations.

60. Answering paragraph 79 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows deny the allegations therein contained. Defendants Drummond, Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

61. Answering paragraph 80 of the Third Amended Complaint, Defendant City of West Sacramento admits that Lt. Delaini drafted a letter dated May 10, 2013 to Christopher Moenig stating that a thorough investigation was conducted into the complaint filed by Mr. Moenig on behalf of Kevin Hughey and that the allegation of a use of excessive force was sustained. Defendant City of West Sacramento denies the remaining allegations in paragraph 80. Defendants Drummond, Sockman, Fellows, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

62. Answering paragraph 81 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond admit that Drummond drafted a letter to the Yolo County District Attorney dated May 23, 2013, requesting that the District Attorney review Officer

Wright's actions on July 9, 2012, to determine if his conduct that evening was criminal in nature. Defendants City of West Sacramento and Drummond deny the remaining allegations in paragraph 81. Defendants Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

63. Answering paragraph 82 of the Third Amended Complaint, Defendants City of West Sacramento and Drummond deny that it was aware that the Yolo County District Attorney would not investigate Officer Wright's actions on July 9, 2012, to determine if his conduct that evening was criminal in nature. Defendants City of West Sacramento and Drummond lack sufficient information and knowledge as to the remaining allegations regarding the Yolo County District Attorney. Defendants City of West Sacramento and Drummond deny the remaining allegations in paragraph 82. Defendants Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

64. Answering paragraph 83 of the Third Amended Complaint, Defendant City of West Sacramento admits that the first sentence of paragraph 83 concerning California Penal Code section 832.5(a)(1) is a partial statement of that statute. Defendant City of West Sacramento denies the remaining allegations in paragraph 83. Defendants Fellows, Drummond, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

65. Answering paragraph 84 of the Third Amended Complaint, Defendants admit that the first sentence in paragraph 84 is a statement contained in WSPD policy 446.3 as adopted on 2012/12/17. Defendants admit that the last sentence in paragraph 84 is a statement contained in WSPD policy 450.5 as adopted on 2012/12/17. Defendants deny that policy 450.5 as adopted on 2012/12/17 requires activation of the audio recording device.

66. Answering paragraph 85 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient knowledge and information on which to admit or deny the

allegations in said paragraph pertaining to Officer Wright and, due to that lack of sufficient information or knowledge, it denies the allegations. Defendant City of West Sacramento denies the remaining allegations in paragraph 85. Defendants Fellows, Drummond, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

67. Answering paragraph 86 of the Third Amended Complaint, Defendant City of West Sacramento admits that it seized Officer Wright's firearm after the shooting occurred. Defendant City of West Sacramento lacks sufficient knowledge or information about what Kevin Hughey was told by the prosecuting attorney about Officer's Wright's audio device and what Officer Wright's audio recording would have contained had it been activated and operational. Defendant City of West Sacramento denies that it failed to investigate Officer Wright's audio device and denies that it failed to provide exculpatory evidence. Defendant City of West Sacramento denies the remaining allegations in paragraph 86. Defendants Fellows, Drummond, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in said paragraph and, due to that lack of sufficient information or knowledge, they deny the allegations.

68. Answering paragraph 87 of the Third Amended Complaint, Defendants admit that Plaintiff Kevin Hughey's criminal case resolved when he pled to violating California Penal Code section 273.5. Defendants admit that in connection with his plea, Mr. Hughey was put on probation, ordered to attend and complete a 52 week anger control counseling among other conditions, and the other criminal charges against him were dismissed. With the exception of said admissions, Defendants deny the remaining allegations in paragraph 87.

69. Answering paragraphs 88 and 89 of the Third Amended Complaint, Defendants lack sufficient knowledge and information concerning the custody of Plaintiff Jessica's Hughey's son and, due to that lack of sufficient knowledge and information, deny those allegations. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraphs 88 and 89. Defendants Drummond, Markus, Tyler and Sockman lack sufficient

information and knowledge to either admit or deny the remaining allegations and therefore deny them.

70. Answering paragraph 90 of the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegations and, due to that lack of sufficient information or knowledge, they deny the allegations in said paragraph.

71. Answering paragraph 91 of the Third Amended Complaint, Defendants admit that Plaintiffs' Third Amended Complaint contains claims against Defendants.

72. Answering paragraph 92 of the Third Amended Complaint, Defendants are unable to answer the allegations in said paragraph because of lack of specificity as to when the described structure supposedly pertained. The allegations are therefore denied.

73. Answering paragraph 93 of the Third Amended Complaint, Defendants admit the averments therein except that the employer is the City of West Sacramento.

74. Answering paragraphs 94 and 96 of the Third Amended Complaint, Defendants admit that on July 9, 2012, Wright and Markus were patrol officers who were supervised by Defendant Tyler, who was a patrol sergeant. Defendants admit that on July 9, 2012, Sockman was the Support Services Commander, which manages investigations. Defendants deny that Sockman was a patrol lieutenant on July 9, 2012 and deny that he directly supervised patrol sergeants and patrol officers on July 9, 2012.

75. Answering paragraph 95 of the Third Amended Complaint, Defendants admit the allegations therein contained.

76. Answering paragraph 97 of the Third Amended Complaint, Defendants deny that Drummond directly supervised Wright, Markus, Tyler, Steele and Fellows. Defendants admit that on July 9, 2012, Drummond was the Chief of Police and that Drummond was Sockman's direct supervisor.

77. Answering paragraph 98 of the Third Amended Complaint, Defendants lack sufficient knowledge and information on which to admit or deny the allegation that Officer Wright engaged in reckless conduct and dishonesty and, due to that lack of sufficient information or knowledge, they deny said allegation. Defendants deny the remaining allegations in paragraph

98.

78. Answering paragraphs 99 and 100 of the Third Amended Complaint, Defendants deny the allegations therein contained.

79. Answering paragraphs 101, 102, and 103, Defendants Drummond, Fellows, Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations therein contained and, due to that lack of sufficient information or knowledge, they deny said allegations. Defendant City of West Sacramento admits that the Yolo County District Attorney's Office filed criminal charges against Fermin and Ernesto Galvan-Magana and criminal charges were not filed against the police officers involved in that incident. With the exception of said admissions, Defendant City of West Sacramento denies the remaining allegations in paragraphs 101, 102, and 103.

80. Answering paragraphs 48 and 104 of the Third Amended Complaint, Defendants Drummond, Sockman, Markus, and Tyler lack sufficient knowledge and information on which to admit or deny the allegations therein and, due to that lack of sufficient information or knowledge, they deny the allegations in paragraphs 48 and 104. Defendants Fellows and City of West Sacramento admit that a lawsuit was filed by Jesus Macias, Xavier Ramirez, and Kevin Snowden in federal court, naming Fellows and other officers as defendants, alleging that excessive force occurred on July 23, 2006. Defendants Fellows and City of West Sacramento admit that Deborah Falconer filed a lawsuit against Fellows in state court alleging excessive force that occurred on August 1, 2006 and that said lawsuit resulted in summary judgment being granted in Fellows' favor, which was affirmed by the California Court of Appeal. Defendants Fellows and City of West Sacramento admit that Illya Konnoff presented a claim alleging, among other things, that a West Sacramento police officer used excessive force on her on or about August 20, 2006.

81. Answering paragraphs 49 and 105 of the Third Amended Complaint, Defendants Fellows and City of West Sacramento admit that on January 6, 2007, Fellows was assigned to the Community Response Team. Defendants Fellows and City of West Sacramento admit that on January 28, 2012, Fellows was assigned as a detective. Defendants Fellows and City of West

Sacramento deny the remaining allegations in paragraphs 49 and 105. Defendants Drummond, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraphs 49 and 105 and, due to that lack of sufficient information or knowledge, they deny said allegations.

82. Answering paragraphs 106 and 107 of the Third Amended Complaint, Defendants Drummond, Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraphs 106 and 107 and, due to that lack of sufficient information or knowledge, they deny said allegations. Defendant City of West Sacramento admits that Aristeo Vasquez-Munoz was struck by a police baton on July 17, 2011 and that Vasquez-Munoz and Jesus Castro-Haro were arrested on said date. Defendant City of West Sacramento lacks sufficient knowledge and information on which to admit or deny the allegations pertaining to the Yolo County District Attorney's Office and any allegedly resulting protests and, due to that lack of sufficient information or knowledge, it denies said allegations.

83. Answering paragraph 108 of the Third Amended Complaint, Defendants admit that Sergio Alvarez was a police officer employed by the City of West Sacramento during the time period of October 2011 through September 24, 2012. Defendants admit that Sergio Alvarez was arrested in February 2013 and ultimately convicted of several crimes involving sexual misconduct. Defendants City of West Sacramento and Drummond admit that when Drummond learned of an allegation that Alvarez was engaging in sexual activity while on duty, he immediately put Alvarez on administrative leave and asked the Sacramento Police Department to conduct an independent investigation. Defendants City of West Sacramento and Drummond deny the remaining allegations in paragraph 108. Defendants Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 108 and, due to that lack of sufficient information or knowledge, they deny said allegations.

84. Answering paragraph 109 of the Third Amended Complaint, Defendants admit that Alvarez was criminally convicted. With the exception of said admissions, Defendant City of West Sacramento denies the remaining allegations in paragraph 109. Defendants Drummond,

Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 109 and, due to that lack of sufficient information or knowledge, they deny said allegations.

85. Answering paragraph 110 of the Third Amended Complaint, Defendants deny that they allowed and encouraged Officer Wright to fabricate an obviously false statement. Defendants lack sufficient knowledge and information on which to admit or deny the remaining allegations in paragraph 110 and, due to that lack of sufficient information or knowledge, they deny said allegations.

86. Answering paragraph 111 of the Third Amended Complaint, Defendant City of West Sacramento admits that to its knowledge Officer Wright was not charged with a crime arising from the shooting on July 9, 2012. Defendants Fellows, Drummond, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny whether Officer Wright was charged with a crime arising from the shooting and, due to that lack of sufficient information or knowledge, they deny said allegation. Defendants deny the remaining allegations in paragraph 111.

87. Answering paragraph 112 of the Third Amended Complaint, Defendant City of West Sacramento admits that Jessica Hughey called 911 on November 9, 2013, and reported that her husband Kevin was injured from falling down the stairs. Defendant City of West Sacramento admits that eight City of West Sacramento police officers responded to the Plaintiffs' residence on November 9, 2013, in response to a request for assistance from the fire department. Defendant City of West Sacramento admits that it does not appear that the officers who responded to the Plaintiffs' residence on that occasion were able to activate their remote MAV recorders during the incident. Defendant City of West Sacramento denies the remaining allegations in paragraph 112. Defendants Drummond, Fellows, Sockman, Markus and Tyler lack sufficient knowledge and information on which to admit or deny the allegations in paragraph 112 and, due to that lack of sufficient information or knowledge, they deny said allegations.

88. Answering paragraph 113 of the Third Amended Complaint, Defendants admit that the population of West Sacramento several years ago was less than 50,000 and that

McDonald replaced Drummond as Chief of Police in 2013. Defendants lack sufficient knowledge and information concerning the allegation regarding the local media and, due to that lack of information and knowledge, they deny said allegation. Defendants deny the remaining allegations in paragraph 113.

89. Answering paragraph 115 of the Third Amended Complaint, Defendants City of West Sacramento, Markus, and Tyler admit that Defendants Wright, Markus, and Tyler arrived at Kevin Hughey's home during the evening of July 9, 2012, and that Defendant Wright's firearm discharged and struck Kevin Hughey. Defendants City of West Sacramento and Markus admit that Markus had his firearm drawn when he approached Plaintiffs' residence and that he holstered his firearm once it was safe to do so. Defendants City of West Sacramento, Markus, and Tyler lack sufficient information and knowledge to either admit or deny the remaining allegations regarding Officer Wright's actions and therefore they deny said allegations. Defendants City of West Sacramento, Markus, and Tyler deny the remaining allegations in paragraph 115. The allegations in paragraph 115 are not directed against Defendants Drummond, Fellows, and Sockman, who therefore do not need to respond to them.

90. Answering paragraphs 116 and 117 of the Third Amended Complaint, Defendants City of West Sacramento, Markus, and Tyler lack sufficient information and knowledge to either admit or deny the allegations regarding Officer Wright's actions and therefore they deny said allegations. Defendants City of West Sacramento, Markus, and Tyler deny the remaining allegations in paragraphs 116 and 117. The allegations in paragraphs 116 and 117 are not directed against Defendants Drummond, Fellows, and Sockman, who therefore do not need to respond to them.

91. Answering paragraph 119 of the Third Amended Complaint, Defendants City of West Sacramento, Markus, Tyler and Fellows deny the allegations that they committed a battery. Defendants City of West Sacramento, Markus, Tyler and Fellows lack sufficient information and knowledge to either admit or deny the remaining allegations in paragraph 119 and therefore denies said allegations. The allegations in paragraph 119 are not directed against Defendants Drummond and Sockman who therefore do not need to respond to them.

92. Answering paragraph 120 and 121 of the Third Amended Complaint, Defendants City of West Sacramento, Markus, and Tyler admit that Officer Wright's firearm discharged and Kevin Hughey sustained a gunshot wound. Defendants City of West Sacramento, Markus and Tyler admit that Kevin Hughey was handcuffed shortly after he was shot and deny that the remaining allegations regarding the handcuffing. Defendant Fellows lacks sufficient information and knowledge as to the handcuffing at Plaintiffs' residence. Defendants Fellows and City of West Sacramento deny that Fellows shackled Kevin Hughey to a hospital bed. Defendants Markus and Tyler lack sufficient information and knowledge concerning Kevin Hughey being shackled at the hospital. Defendants City of West Sacramento, Markus, Fellows, and Tyler lack sufficient information and knowledge as to the remaining allegations in paragraphs 120 and 121 and, due to that lack of information and knowledge, deny the remaining allegations. The allegations in paragraphs 120 and 121 are not directed against Defendants Drummond and Sockman, who therefore do not need to respond to them.

93. Answering paragraph 122 of the Third Amended Complaint, Defendants City of West Sacramento, Markus, Fellows and Tyler lack sufficient information and knowledge to either admit or deny the allegations in paragraph 122 concerning Officer Wright's alleged actions and, due to that lack of information and knowledge, denies those allegations. Defendants City of West Sacramento, Markus, Fellows and Tyler deny the remaining allegations in paragraph 122. The allegations in paragraph 122 are not directed against Defendants Drummond and Sockman, who therefore do not need to respond to them.

94. Answering paragraphs 124 and 125 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant City of West Sacramento denies the allegations therein contained pertaining to the City of West Sacramento. Defendant City of West Sacramento lacks sufficient information and knowledge to either admit or deny the allegations pertaining to Officer Wright, and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

95. Answering paragraph 126 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge as to the allegations in paragraph 126 and, due to that lack of information and knowledge, deny the remaining allegations. The allegations in paragraph 126 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

96. Answering paragraph 127 of the Third Amended Complaint, Defendant City of West Sacramento denies all allegations therein contained that it and its supervisors were negligent. Defendant City of West Sacramento lacks sufficient information and knowledge as to the allegations in paragraph 127 concerning Officer Wright's conduct and, due to that lack of information and knowledge, denies those allegations. Defendant City of West Sacramento denies all remaining allegations. The allegations in paragraph 127 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler who therefore do not need to respond to them.

97. Answering paragraph 128 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge as to the allegations in paragraph 128 concerning Officer Wright's alleged actions and, due to that lack of information and knowledge, denies those allegations. Defendant City of West Sacramento denies the remaining allegations in paragraph 128. The allegations in paragraph 128 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler who therefore do not need to respond to them.

98. Answering paragraph 130 of the Third Amended Complaint, Defendant City of West Sacramento denies that it engaged in conduct that was extreme and outrageous and denies that it intended to cause Mr. Hughey emotional distress. Defendant City of West Sacramento lacks sufficient information and knowledge as to the remaining allegations in paragraph 130 and therefore denies the remaining allegations. The allegations in paragraph 130 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

99. Answering paragraph 131 of the Third Amended Complaint, Defendant City of

West Sacramento lacks sufficient information and knowledge as to the allegations in paragraph 131 and therefore denies the remaining allegations. The allegations in paragraph 131 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

100. Answering paragraph 132 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge as to the allegations in paragraph 132 concerning Officer Wright's behavior and therefore denies those allegations. Defendant City of West Sacramento denies the remaining allegations in paragraph 132. The allegations in paragraph 132 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

101. Answering paragraph 133 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge as to Officer Wright's alleged intentions and behavior and therefore denies said allegations. Defendant City of West Sacramento denies the remaining allegations in paragraph 133. The allegations in paragraph 133 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

102. Answering paragraph 134 of the Third Amended Complaint, Defendant City of West Sacramento lack sufficient information and knowledge upon which to admit or deny the allegations in paragraph 134 and therefore denies the allegations. The allegations in paragraph 134 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

103. Answering paragraph 135 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge upon which to admit or deny the allegations that Officer Wright's actions were the direct and proximate cause of Plaintiff's damages and therefore denies those allegations. Defendant City of West Sacramento denies the remaining allegations in paragraph 135. The allegations in paragraph 135 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

104. Answering paragraph 137 of the Third Amended Complaint, Defendant City of West Sacramento admits that on July 10, 2012, it communicated to the media that a man had been shot after he rushed at an officer and attempted to grab the officer's handgun, that the man was transported to the hospital, and that the shooting was being investigated by the City. Defendant City of West Sacramento denies the remaining allegations in paragraph 137 for lack of sufficient information and knowledge. The allegations in paragraph 137 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

105. Answering paragraph 138 of the Third Amended Complaint, Defendant City of West Sacramento denies that it or Defendant Steele knew that Wright's statement was false or that the media would publish in writing any such false statement. Defendant City of West Sacramento denies the last sentence of paragraph 138 as incomprehensible and denies the remaining averments in paragraph 138 for lack of sufficient information and knowledge. The allegations in paragraph 138 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

106. Answering paragraph 139 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge upon which to admit or deny said allegations and, due to that lack of information and knowledge, deny the allegations therein contained. The allegations in paragraph 139 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

107. Answering paragraph 140 of the Third Amended Complaint, Defendant City of West Sacramento denies each and every, all and singular, generally and specifically, of said allegations contained therein. The allegations in paragraph 140 are not directed against Defendants Drummond, Fellows, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

108. Answering paragraph 142 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows deny each and every, all and singular, generally and specifically, of said allegations contained therein. The allegations in paragraph 142 are not directed against

Defendants Drummond, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

109. Answering paragraph 143 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows deny each and every, all and singular, generally and specifically, of said allegations contained therein. The allegations in paragraph 143 are not directed against Defendants Drummond, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

110. Answering paragraph 144 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows deny each and every, all and singular, generally and specifically, of said allegations contained therein. The allegations in paragraph 144 are not directed against Defendants Drummond, Sockman, Markus, and Tyler, who therefore do not need to respond to them.

111. Answering paragraph 146 of the Third Amended Complaint, Defendants Markus, Tyler, and City of West Sacramento admit that after the shooting Markus and Tyler handcuffed Plaintiff Kevin Hughey. Defendants Markus, Tyler, and City of West Sacramento deny the remaining allegations in paragraph 146. Defendants Fellows and Sockman deny the allegations in paragraph 146. Since these allegations are not directed against Defendant Drummond, he need not respond to these allegations.

112. Answering paragraphs 147, 148 and 149 of the Third Amended Complaint, Defendants Markus, Tyler, and City of West Sacramento admit that after the shooting Markus and Tyler handcuffed Plaintiff Kevin Hughey. Defendants Markus and Tyler lack sufficient knowledge and information concerning the allegations regarding Officer Wright, Drummond, and Kevin Hughey's stay at the hospital and therefore deny those allegations. Defendants Markus and Tyler deny the remaining allegations of paragraphs 147, 148, and 149. Defendant City of West Sacramento admits that an officer was posted at the hospital until Kevin Hughey was released from custody. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraphs 147, 148 and 149. Defendant Sockman denies the allegations in paragraphs 147, 148 and 149 pertaining to him and lacks sufficient information and

knowledge as to the remaining allegations to either admit or deny them, and therefore denies the remaining allegations. Since these allegations are not directed against Defendant Drummond, he need not respond to these allegations.

113. Answering paragraphs 151 and 152 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient knowledge and information concerning whether Kevin Hughey owns real property and therefore denies said allegation. Defendant City of West Sacramento denies that it intentionally, recklessly, or negligently entered Mr. Hughey's property, denies that it did not have cause to enter, denies that it did not have consent to enter, and denies that it is the cause of Plaintiff Kevin Hughey's damages, if any there are. Defendant City of West Sacramento lack sufficient information or knowledge upon which to admit or deny the allegations concerning Officer Wright and therefore denies those allegations. Since these allegations are not directed at Defendants Markus, Tyler, Sockman, Fellows, and Drummond, they need not respond to them.

114. Answering paragraphs 154, 155 and 156 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows lack sufficient knowledge and information concerning whether Kevin Hughey owns a mobile phone and computer laptops and therefore denies said allegation. Defendants City of West Sacramento and Fellows deny that they wrongfully and intentionally interfered with Mr. Hughey's use or possession of his real property. Defendants City of West Sacramento and Fellows admit that two laptops and a cell phone were seized from the Plaintiffs' residence shortly after the shooting. Defendants City of West Sacramento and Fellows admit that Markus and Tyler handcuffed Mr. Hughey. Defendants City of West Sacramento and Fellows lack sufficient information or knowledge upon which to admit or deny the allegations pertaining to Officer Wright and Sockman, and therefore deny those allegations. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraphs 154, 155 and 156. Since the allegations in paragraphs 154, 155 and 156 are not directed at Defendants Drummond, Sockman, Markus and Tyler, they do not need to respond to these allegations.

115. Answering paragraphs 158, 160, and 161 of the Third Amended Complaint,

Defendants City of West Sacramento and Fellows lack sufficient knowledge and information concerning whether Kevin Hughey owns a mobile phone and computer laptops and therefore denies said allegation. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraphs 158, 160 and 161. Since the allegations in paragraphs 158, 160, and 161 are not directed at Defendants Drummond, Sockman, Markus and Tyler, they do not need to respond to these allegations.

116. Answering paragraph 159 of the Third Amended Complaint, Defendants incorporate herein their responses to the allegations from the NINTH CAUSE OF ACTION for Trespass to Chattels.

117. Answering paragraph 162 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows lack sufficient information and knowledge upon which to admit or deny those allegations, and therefore deny said allegations. Since the allegations in paragraph 162 are not directed at Defendants Drummond, Sockman, Markus and Tyler, they do not need to respond to these allegations.

118. Answering paragraph 164 of the Third Amended Complaint, Defendant City of West Sacramento denies the allegations therein contained. Since the allegations in paragraph 164 are not directed at Defendants Drummond, Fellows, Sockman, Markus and Tyler, they do not need to respond to these allegations.

119. Answering paragraph 165 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant City of West Sacramento denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

120. Answering paragraph 166 of the Third Amended Complaint, Defendant City of West Sacramento denies each and every, all and singular, generally and specifically, of said allegations contained therein. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

121. Answering paragraph 167 of the Third Amended Complaint, Defendant City of

West Sacramento denies each and every, all and singular, generally and specifically, of said allegations contained therein. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

122. Answering paragraph 168 of the Third Amended Complaint, Defendant City of West Sacramento admits that Officer Wright previously served in the United States Army. Defendant City of West Sacramento lacks sufficient knowledge and information to admit or deny the remaining allegations and therefore denies them. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

123. Answering paragraph 169 of the Third Amended Complaint, Defendant City of West Sacramento admits that Officer Wright worked for the Sacramento Police Department prior to his employment with the City of West Sacramento. Defendant City of West Sacramento admits it conducted a background check of Officer Wright before hiring him. Defendant City of West Sacramento lacks sufficient knowledge and information to admit or deny the remaining allegations and therefore denies them. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

124. Answering paragraph 170 of the Third Amended Complaint, Defendant City of West Sacramento denies that it was aware that Officer Wright was potentially unfit for police work and exhibited such signs. Defendant City of West Sacramento lacks sufficient information and knowledge to either admit or deny the allegations concerning Officer Wright's Facebook page and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

125. Answering paragraph 171 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge to either admit or deny the allegations and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

126. Answering paragraph 172 of the Third Amended Complaint, Defendant City of West Sacramento admits that on July 9, 2012, Officer Wright was in the probationary period of his employment. Defendant City of West Sacramento lacks sufficient information and

knowledge to either admit or deny the remaining allegations and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

127. Answering paragraph 173 of the Third Amended Complaint, Defendant City of West Sacramento denies all allegations therein contained. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

128. Answering paragraphs 174, 175, 176, and 177 of the Third Amended Complaint, Defendant City of West Sacramento denies each and every, all and singular, generally and specifically, of said allegations contained therein. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

129. Answering paragraphs 178, 179 and 181 of the Third Amended Complaint, Defendant City of West Sacramento denies each and every, all and singular, generally and specifically, of said allegations contained therein. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

130. Answering paragraph 180 of the Third Amended Complaint, Defendant City of West Sacramento denies the allegations as the Memorandum of Understanding between the City and the Police Officers Association for lack of specificity as to the time frame of said Memorandum. Defendant City of West Sacramento denies the remaining allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

131. Answering paragraph 182 of the Third Amended Complaint, Defendant City of West Sacramento denies that Officer Wright's alleged conduct occurred as a result of inadequate training and supervision. Defendant City of West Sacramento admits that Kevin Hughey was shot. Defendant City of West Sacramento lacks sufficient information and knowledge to either admit or deny the remaining allegations pertaining to the shooting and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

132. Answering paragraph 183 of the Third Amended Complaint, Defendant City of West Sacramento denies that its actions caused Plaintiff Kevin Hughey to be damaged. Defendant City of West Sacramento lacks sufficient information and knowledge to either admit or deny the allegations pertaining to Officer Wright's alleged conduct and therefore denies said allegations. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

133. Answering paragraph 185 of the Third Amended Complaint, Defendants City of West Sacramento, Fellows, and Sockman lack sufficient information and knowledge to either admit or deny the allegations pertaining to Officer Wright and therefore they deny said allegations. Defendants City of West Sacramento, Fellows, and Sockman deny the remaining allegations in paragraph 185. Since the allegations in paragraph 185 are not directed at Defendants Markus, Drummond, and Tyler, they do not need to respond to said allegations.

134. Answering paragraph 186 of the Third Amended Complaint, Defendants City of West Sacramento, Fellows, and Sockman admit that Wright and Fellows entered the Plaintiffs' residence. Defendants City of West Sacramento, Fellows, and Sockman currently lack sufficient knowledge and information to either admit or deny whether Sockman entered the Plaintiffs' residence. Defendants City of West Sacramento, Fellows, and Sockman lack sufficient information and knowledge to either admit or deny the remaining allegations pertaining to Officer Wright and therefore they deny said allegations. Defendants City of West Sacramento, Fellows, and Sockman deny the remaining allegations in paragraph 186. Since the allegations in paragraph 186 are not directed at Defendants Markus, Drummond, and Tyler, they do not need to respond to said allegations.

135. Answering paragraphs 187 and 188 of the Third Amended Complaint, Defendants Fellows, Sockman, and City of West Sacramento admit that Officers Wright, Markus, and Tyler entered the Plaintiffs' residence shortly after the shooting and that they entered without a search warrant. Defendants Fellows, Sockman, and City of West Sacramento deny that a search warrant was necessary for officers to enter Plaintiffs' residence right after the shooting. Defendants City of West Sacramento, Fellows, and Sockman currently lack sufficient knowledge and information

to either admit or deny whether Sockman entered the Plaintiffs' residence. Defendants Fellows, Sockman, and City of West Sacramento lack sufficient information and knowledge to admit or deny the remaining allegations concerning Officer Wright, and therefore deny said allegations. Defendants Fellows, Sockman, and City of West Sacramento deny the remaining allegations in paragraphs 187 and 188. Since these allegations are not directed at Defendants Markus, Drummond, and Tyler, they need not respond to them.

136. Answering paragraph 190 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant City of West Sacramento denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

137. Answering paragraphs 191 and 192 of the Third Amended Complaint, Defendant City of West Sacramento lacks sufficient information and knowledge upon which to admit or deny the allegations and therefore denies them. Since these allegations are not directed at Defendants Markus, Drummond, Fellows, Sockman, and Tyler, they need not respond to them.

138. Answering paragraph 194 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendants Markus and Tyler deny the allegations therein contained. Since these allegations are not directed at Defendants City of West Sacramento, Drummond, Sockman, and Fellows, they need not respond to them.

139. Answering paragraph 195 of the Third Amended Complaint, Defendants Markus, and Tyler admit that Markus and Tyler handcuffed Kevin Hughey after he was shot. Defendants Markus and Tyler lack sufficient information and knowledge upon which to admit or deny the allegations pertaining to Officer Wright, and therefore deny the allegations. Defendants Markus and Tyler deny the remaining allegations in paragraph 195. Since these allegations are not directed at Defendants Drummond, City of West Sacramento, Sockman, and Fellows, they need not respond to them.

140. Answering paragraph 196 of the Third Amended Complaint, Defendants Markus

and Tyler admit that Kevin Hughey was removed from his home after the shooting and taken to the hospital and admit that exigent circumstances existed to take Mr. Hughey to the hospital. Defendants Markus and Tyler deny the remaining allegations in paragraph 196. Since these allegations are not directed at Defendants Drummond, City of West Sacramento, Sockman, and Fellows, they need not respond to them.

141. Answering paragraph 197 of the Third Amended Complaint, Defendants Markus and Tyler lack sufficient information and knowledge to either admit or deny the allegations in paragraph 197 and therefore deny said allegations. Since these allegations are not directed at Defendants Drummond, City of West Sacramento, Sockman, and Fellows, they need not respond to them.

142. Answering paragraph 198 of the Third Amended Complaint, Defendants Markus and Tyler deny that their actions caused Plaintiff Kevin Hughey's damages. Defendants Markus and Tyler lack sufficient knowledge and information to either admit or deny the allegations in paragraph 198 concerning Officer Wright's actions, and therefore deny them. Since these allegations are not directed at Defendants Drummond, City of West Sacramento, Sockman, and Fellows, they need not respond to them.

143. Answering paragraph 200 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant Markus denies the allegations therein contained. Since these allegations are not directed at Defendants City of West Sacramento, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

144. Answering paragraphs 201 and 202 of the Third Amended Complaint, Defendant Markus admits that he interviewed Jessica Hughey in a room separate from Kevin Hughey. Defendant Markus denies the remaining allegations in paragraphs 201 and 202. Since these allegations are not directed at Defendants City of West Sacramento, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

145. Answering paragraph 204 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To

the extent that a response is required, Defendant Fellows denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

146. Answering paragraphs 205 and 206 of the Third Amended Complaint, Defendant Fellows denies that he shackled Kevin Hughey to a hospital bed. Defendant Fellows lacks sufficient information and knowledge to either admit or deny the allegation regarding Kevin Hughey's surgery and therefore denies said allegation. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

147. Answering paragraph 207 of the Third Amended Complaint, Defendant Fellows lacks sufficient information and knowledge to either admit or deny the allegations and therefore denies them.

148. Answering paragraphs 208 and 209 of the Third Amended Complaint, Defendant Fellows admits that the criminal charges filed by the District Attorney against Kevin Hughey included a felony charge of attacking a peace officer. Defendant Fellows denies that he knew that Officer Wright's statements were false and fabricated. Defendant Fellows lacks sufficient knowledge and information to either admit or deny the allegations in paragraphs 208 and 209 concerning Officer Wright and Kevin Hughey's alleged damages due to Officer Wright's alleged conduct, and therefore denies the allegations. Defendant Fellows denies the remaining allegations in paragraphs 208 and 209. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

149. Answering paragraph 211 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant Fellows denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

150. Answering paragraphs 212 and 213 of the Third Amended Complaint, Defendant

Fellows admits that he obtained a search warrant to obtain a saliva sample from Kevin Hughey, photographs of Kevin Hughey's person, and additional clothing. Defendant Fellows admits that Fellows contacted Kevin Hughey at the hospital on or about July 11, 2012 and provided him with a copy of the search warrant and that Fellows advised Kevin Hughey of his rights under *Miranda*. Defendant Fellows admits that photographs were taken of Kevin Hughey's person and that other evidence was collected pursuant to the warrant. Defendant Fellows denies that he knew or had reason to know that Officer Wright's statements were false in preparing the affidavit. Defendant Fellows lacks sufficient knowledge and information on which to admit or deny the remaining allegations and, due to that lack of sufficient information or knowledge, he denies the remaining allegations in said paragraph. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

151. Answering paragraph 214 of the Third Amended Complaint, Defendant Fellows denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, City of West Sacramento, Drummond, Sockman, and Tyler, they need not respond to them.

152. Answering paragraph 216 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendants City of West Sacramento and Fellows deny the allegations therein contained. Since these allegations are not directed at Defendants Markus, Drummond, Sockman, and Tyler, they need not respond to them.

153. Answering paragraph 217 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that property was seized from Plaintiffs' residence. Defendants City of West Sacramento and Fellows deny the remaining allegations in paragraph 217. Since these allegations are not directed at Defendants Markus, Drummond, Sockman, and Tyler, they need not respond to them.

154. Answering paragraphs 218 and 219 of the Third Amended Complaint, Defendants City of West Sacramento and Fellows admit that a warrant was obtained to search personal

electronic equipment that was seized from the Plaintiffs' residence. Defendants of West Sacramento and Fellows deny the remaining allegations in paragraphs 218 and 219. Since these allegations are not directed at Defendants Markus, Drummond, Sockman, and Tyler, they need not respond to them.

155. Answering paragraph 221 of the Third Amended Complaint, Defendant City of West Sacramento incorporates its responses to the allegations from the ELEVENTH CAUSE OF ACTION for excessive use of force. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

156. Answering paragraph 222 of the Third Amended Complaint, the allegations therein are vague legal conclusions, not factual allegations, for which no response is required. To the extent that a response is required, Defendant City of West Sacramento denies the allegations therein contained. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

157. Answering paragraphs 223 and 224 of the Third Amended Complaint, Defendant City of West Sacramento denies all the allegations therein contained. Since these allegations are not directed at Defendants Markus, Fellows, Drummond, Sockman, and Tyler, they need not respond to them.

158. Answering paragraphs 114, 118, 123, 129, 136, 141, 145, 150, 153, 157, 163, 184, 189, 193, 199, 203, 210, 215, and 220, Defendants incorporate the previous response to each and every paragraph cited therein.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, these answering Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

The July 10, 2012 publication occurred in the course of Defendant Steele's discharging his official duty as public information officer for City, within the meaning of Civil Code section 47(a).

### SECOND AFFIRMATIVE DEFENSE

The gist of some or all of the statements in the July 10 publication was true.

**THIRD AFFIRMATIVE DEFENSE**

The July 10, 2012 publication occurred in the course of an official City investigation into the shooting, within the meaning of Civil Code section 47(b)(3).

**FOURTH AFFIRMATIVE DEFENSE**

The July 10, 2012 publication was made without malice between persons interested in the subject matter of the publication, i.e., the City and its citizens, within the meaning of Civil Code section 47(c).

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Steele is entitled to prosecutorial immunity under Government Code section 821.6 because the July 10, 2012 publication concerned the subject of a criminal investigation.

**SIXTH AFFIRMATIVE DEFENSE**

Mr. Hughey exacerbated his damages by publicizing and otherwise drawing attention to the fact he was the man referenced in the press release.

**SEVENTH AFFIRMATIVE DEFENSE**

In regards to the action for Intentional Infliction of Emotional Distress, Defendants assert the affirmative defense that they are immune from liability in this case because, at the time of Plaintiffs' alleged harm, Defendants were performing their duty as police officers; their conduct was lawful and consistent with community and other relevant standards; and they each had a good faith belief that they had a legal right to engage in the conduct at issue in this case.

**EIGHTH AFFIRMATIVE DEFENSE**

Any force used on Plaintiff by these Defendants was reasonable and necessary and that at no time was more force used than was reasonably necessary.

**NINTH AFFIRMATIVE DEFENSE**

Defendants assert they are immune because at all times mentioned in the Third Amended Complaint, and immediately prior thereto, Defendants acted in self-defense and in defense of others.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that at all times mentioned in the Third Amended Complaint, Plaintiffs

willingly, voluntarily, and knowingly assumed all of the risks involved, if any there were, and that any injuries or damages sustained by Plaintiffs were legally caused or contributed to by the Plaintiffs assumption of these risks.

**ELEVENTH AFFIRMATIVE DEFENSE**

All defenses and rights granted to Defendants by virtue of the provisions of the California Government Code sections 810-996.6, inclusive.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants Drummond, Sockman, Fellows, Markus and Tyler assert that they are entitled to qualified immunity for all acts complained of in the Third Amended Complaint. Defendants Drummond, Sockman, Fellows, Markus and Tyler assert that they acted reasonably at all times. If they were mistaken in their belief that their actions were reasonable, Defendants Drummond, Sockman, Fellows, Markus and Tyler are entitled to qualified immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that if Defendants are adjudged or otherwise determined to be liable to Plaintiffs, then in that event, Defendants will be entitled to a portion of the decree of their fault or responsibility for said incident attributable to the Plaintiffs or to any other Defendants named herein or yet to be named. The amount of damages attributable to these answering Defendants are to be abated, reduced, or eliminated to the extent that the Plaintiffs' own negligence, or the negligence of any other defendant, contributed to the plaintiffs' claimed damages, if any there were. To the extent that such allegations are proven the responsibility of the Defendants, if any, would be based upon the principles expressed in California Civil Code section 1431.1 and the California Supreme Court decision in *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, 590 at ftn. 2.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants assert they are immune under California Government Code § 821.6 for any investigative actions taken.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiffs' alleged injuries occurred as a direct and proximate result

of their own negligent actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

That Plaintiffs' claims are barred by the doctrines of collateral estoppel and/or res judicata, including as a result of Plaintiff Kevin Hughey's own criminal conviction stemming from the incident which forms the basis for this lawsuit and proceedings before the California State Bar court.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants, and each of them, assert that plaintiff were given, or had available to them, available due process for each of the alleged deprivations of his constitutional rights and have therefore failed to state a claim upon which relief can be granted under 42 USC Section 1983.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

That the Defendants, and each of them, are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Section 43.55.

**NINETEENTH AFFIRMATIVE DEFENSE**

That at all times mentioned in the complaint on file herein, and immediately prior to, defendants, and each of them, acted with probable cause.

Wherefore, Defendants requests the following relief:

1. That Plaintiffs take nothing against Defendants by the Third Amended Complaint;
2. For entry of judgment in Defendants' favor;
3. For costs of suit;
4. For other relief as the Court may deem just.

Dated: April 14, 2017

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Carrie A. McFadden*

By:__________________________________

BRUCE A. KILDAY
CARRIE A. McFADDEN
SEAN D. O'DOWD
Attorneys for Defendants

**DEMAND FOR A JURY TRIAL**

Defendants DAN DRUMMOND, CITY OF WEST SACRAMENTO, KENNETH FELLOWS, TOD SOCKMAN, GERRIT MARKUS, and TRENT TYLER respectfully demand that all issues of fact be tried herein by and before a jury.

Dated: April 14, 2017

ANGELO, KILDAY & KILDUFF, LLP

*/s/ Carrie A. McFadden*
By:_______________________________
BRUCE A. KILDAY
CARRIE A. McFADDEN
SEAN D. O'DOWD
Attorneys for Defendants